UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT FRANKFORT

Eastern District of Kentucky
**F I L E D**

**MAY 1 0 2013**

AT FRANKFORT
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

| | | |
|---|---|---|
| Antoinette C. Taylor, an individual | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 3:13cv-00024-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| | ) | **FIRST AMENDED COMPLAINT** |
| JPMorgan Chase Bank, National Association | ) | |
| d/b/a JPMorgan Chase & Company; | ) | |
| Jamie L. James, Individually and in her capacity as | ) | |
| Branch Manager & an employee of | ) | |
| JPMorgan Chase Bank, National Association; | ) | |
| Julie M. Fry, Individually and in her capacity as | ) | |
| Assistant Branch Manager & an employee of | ) | |
| JPMorgan Chase Bank, National Association, | ) | |
| Inclusive, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

\*   \*   \*      \*   \*   \*      \*   \*   \*

Pursuant to Federal Rules of Civil Procedure ("FRCP") 15(a)(c)(2),

Plaintiff Antoinette C. Taylor, *pro se*, respectfully seeks permission to amend her original

complaint, which was filed on April 3, 2013 and Defendant JPMorgan Chase Bank,

National Association d/b/a JPMorgan Chase & Company (hereinafter "JPMorgan Chase Bank")

has not yet filed its Answer state as follows:

      1.      In sections Complaint, Jurisdiction, Relief Requested (1), and paragraphs 20 and

25, the amended complaint will remove Title VII of the Civil Rights Act of 1964, as amended,

the Civil Rights Act of 1991, the Kentucky Civil Rights Act of 1966, and Kentucky Revised

Statues 344.00.

2.      The amended complaint will add four (4) additional claims of action upon which

relief can be granted and will not cause any prejudice states the following:

### COMPLAINT FOR:

3.      Breach of Fiduciary Duty, Duty of Loyalty, and Duty of Due Care[1]

4.      *Res Ipsa Loquitur* and Respondeat Superior[2]

5.      Negligent Hiring, Retention, and Training[3]

6.      Negligent Supervision[4]

### THIRD CAUSE OF ACTION FOR
### COUNT III – BREACH OF FIDUCIARY DUTY, DUTY OF LOYALTY
### DUTY OF DUE CARE

33.     Plaintiff hereby restates and incorporates the allegations contained in paragraphs

1-32 as if fully stated herein.

34.     Plaintiff established a fiduciary relationship with JPMorgan Chase Bank when she

opened up a personal checking account under their Deposit Account Agreement Privacy Notice

in reference to pages 28-29. A copy of front page, pages 28-29, and back page of JPMorgan

Chase Bank Deposit Account Agreement Privacy Notice is attached hereto and labeled Exhibit

"D."

35.     Plaintiff justifiably reposed trust and confidence in JPMorgan Chase Bank to act

in her interest, where they managed her personal financial accounts and investments.

36.     Plaintiff relied on JPMorgan Chase Bank's judgment, guidance, and advice by

Page 2 of 10

---

[1] See *Dominguez v. Brackey Enterprises, Inc.*, 756 S.W. 2d 788 (Tex. Ct. App. 1988), *writ of error denied;* Title 28 of the United States Code §1367 (1990).

[2] See *McCauley v. Ray,* 80 N.M. 171, 180, 453 P.2d 192 (1968); *Sutton v. Chevron Oil Company,* 85 N.M., 679, 515 P.2d 1283 (1973).

[3] In reference to current employee, Julie M. Fry, Assistant Branch Manager

[4] In reference to current employee, Jamie L. James, Branch Manager

placing her confidence in them with the belief that they will act in her best interest.

37.     Where JPMorgan Chase Bank is a fiduciary, which is subjected to a number of fiduciary duties owed to Plaintiff.

38.     JPMorgan Chase Bank owed Plaintiff duties of loyalty, a duty of disclose relevant facts and to render accounts, a duty of due care, and a duty to maintain Plaintiff's confidences.

39.     JPMorgan Chase Bank failed their duty of loyalty, duty of disclosing relevant facts and rendering accounts, duty of due care, and duty of maintaining Plaintiff's confidences owed to Plaintiff.

40.     JPMorgan Chase Bank failed to act solely for the benefit of Plaintiff to whom the duty is owed with respect to all matters within the scope of the fiduciary relationship.

41.     JPMorgan Chase Bank failed to share the secret with Plaintiff per her request when her checking account went into overdrawn on March 12, 2013 without an explanation as evident by her receiving an email alert. A copy of Plaintiff's two emails received directly from JPMorgan Chase Bank is attached hereto and labeled Exhibit "E."

42.     JPMorgan Chase Bank failed to share the secret with Plaintiff when they kept from her about the seven (7) days bank hold on her corporate check for $3500.00. JPMorgan Chase Bank failed to notify Plaintiff via mail.

43.     JPMorgan Chase Bank secretly failed to share information with the Plaintiff about her personal checking account.

44.     JPMorgan Chase Bank failed to disclose relevant facts and render account information to Plaintiff per her request to do so.

Page 3 of 10

45.     JPMorgan Chase Bank failed to keep accurate records on Plaintiff's personal checking account as evident by secretly hiding information about the overdrawn amount for $3233.29 on March 12, 2013 from her.

46.     JPMorgan Chase Bank failed to hold a professional standard of care owed to Plaintiff as evident by not acting in the best interest of the Plaintiff.

47.     JPMorgan Chase Bank failed to maintain Plaintiff's confidences as evident by sharing her personal information and said matter with all the other banking employees.

48.     A fiduciary relationship existed between the Plaintiff and JPMorgan Chase Bank when they breached their fiduciary duty owed to Plaintiff whom she placed her complete confidence and trust in JPMorgan Chase Bank.

49.     JPMorgan Chase Bank acted in a manner adverse to the interests of the Plaintiff as evident by calling her corporate check for $3,500.00 suspicious, fake, and fraudulent solely based on her race, African-American and denying her the same terms and conditions as those afforded to her similarly situated Caucasian banking customers.

50.     JPMorgan Chase Bank acted in their benefit in relation to the said matter as evident by failing to follow their deposit account agreement privacy notice (*See* Exhibit D).

51.     JPMorgan Chase Bank failed to act loyal to the Plaintiff as evident by putting their personal interests before the duty owed to Plaintiff.

52.     JPMorgan Chase Bank profited their position as a fiduciary without the consent of the Plaintiff as evident by placing Plaintiff's corporate check on a seven-days banking hold in violation of JPMorgan Chase Bank local rules and procedures.

53.     JPMorgan Chase Bank failed to provide the Plaintiff to the best efforts of the

fiduciary on her behalf.

54.     JPMorgan Chase Bank failed to exercise all of the skill, care, and diligence of their disposal when acted on behalf of the Plaintiff.

55.     JPMorgan Chase Bank failed to make truthful and complete disclosure to the Plaintiff whom put her trust in them as evident by failing to provide the Plaintiff information in reference to her checking account per her request to do so on March 13, 2013.

56.     JPMorgan Chase Bank took an unreasonable advantage of the expense of the Plaintiff as evident by making decisions not in the best interest of the Plaintiff.

57.     Plaintiff had placed her confidence in the JPMorgan Chase Bank to act in her best interest, which she relied upon accurate personal checking account records and investments.

58.     JPMorgan Chase Bank's conduct was outrageous, plain evil and reckless disregard of the Plaintiff's rights.

59.     As a direct result of JPMorgan Chase Bank's conduct, the Plaintiff suffered harm by their breach of duty owed to the Plaintiff.

60.     JPMorgan Chase Bank is liable for punitive, prejudgment, and compensatory damages for breaching its fiduciary duty owed to the Plaintiff and the breach is the proximate cause of damage to the Plaintiff.

## FOURTH CAUSE OF ACTION FOR
## COUNT IV – *RES IPSA LOQUITUR AND RESPONDEAT SUPERIOR*

61.     Plaintiff hereby restates and incorporates the allegations contained in paragraphs 1-60 as if fully stated herein.

62.     JPMorgan Chase Bank's liability on the part of its owners was apparently

premised on their derivative responsibility for the acts and omissions of their managing bank.

63.    JPMorgan Chase Bank's employees caused injury to the Plaintiff when they
deprived her use of the bank for depositing her corporate check and access of her funds the next
business as promised. Their employees failed to act reasonably and fairly under the
circumstances and violated the standard of care and prudent banker in the same or similar
conditions would have followed.

64.    The Plaintiff alleges that there was a master-servant relationship[5] between
JPMorgan Chase Bank and its employees. "A master is under a duty to <u>exercise reasonable care
so to control</u> his or [her] servant while acting outside the scope of his [her [employment as to
prevent him [her] from intentionally harming others or from so conducting himself [herself] as to
create an unreasonable risk of bodily harm." The duties breached by JPMorgan Chase Bank's
employees including duties arising by law out of the fiduciary duty relationship, as well as duties
created by representations of JPMorgan Chase Bank's employees that they would take action to
solve the problem created by discriminatory practices, but there was no results. As a result of
JPMorgan Chase Bank's employees' negligence, they caused the Plaintiff to suffer severe mental
distress, anxiety, and stress on her physical body and highly increased her blood pressure.

65.    At all times JPMorgan Chase Bank's employees were acting within the scope of
his or her position. Their employees failed to take some action against Jamie L. James and
Julie M. Fry for their disparate treatment of the Plaintiff solely based on her race, African-
American in violation of Title 42 of the United States Code §1981(a)(b)(c).

66.    As a direct result of JPMorgan Chase Bank's employees' negligence, the Plaintiff

Page 6 of 10

[5] The doctrine of respondeat superior, is premised upon derivative liability and is summarized in Section 317 of the *Restatement (Second)* of Torts; *See also Id.* Agency Section 213.

suffered lasting and future mental and physical injury.

## FIFTH CAUSE OF ACTION FOR
## COUNT V – NEGLIGENT HIRING, RETENTION, AND TRAINING

67.     Plaintiff hereby restates and incorporates the allegations contained in paragraphs 1-66 as if fully stated herein.

68.     JPMorgan Chase Bank employee Julie M. Fry (hereinafter "Ms. Fry") was hired as assistant branch manager. Apparently, Ms. Fry was unfit in her role as assistant branch manager with a lack of training in cultural diversity, a lack of communication skills with banking customers of a different race and culture than hers, Caucasian and a lack of respect and tactfulness with African-American banking customers as evident by my firsthand knowledge.

69.     JPMorgan Chase Bank knew or should have known that Ms. Fry was unfit for that position they put her in with a lack of training in cultural diversity, a lack of communication skills with banking customers of a different race and culture than hers, Caucasian and a lack of respect and tactfulness with African-American banking customers as evident by my firsthand knowledge. Ms. Fry appeared to be uncomfortable in working with African-American banking customers in her role as assistant branch manager. And JPMorgan Chase Bank knew that, but they wanted to hire only Caucasian banking employees to fill the assistant branch manager position.

70.     JPMorgan Chase Bank could foresee that Ms. Fry through her lack of training in cultural diversity, lack of communication skills with banking customers of a different race and culture than hers, and lack of respect and tactfulness with African-American banking customers would come into contact with the Plaintiff when she repeatedly asked to deposit her corporate

Page 7 of 10

check into her checking account, instead Ms. Fry delayed her in the process because she unconsciously did not trust African-American banking customers who presented corporate checks for \$3,500.00 or less.

71.     As a direct and proximate result of JPMorgan Chase Bank's negligence, caused the Plaintiff's injury, depriving her the same rights, terms, and conditions of similarly situated Caucasian banking customers, interfering with her right to make a deposit into her checking account without any unnecessary delays; causing her to suffer severe mental distress, stress, embarrassment and humiliation, and causing her to wait more than one (1) business day for her funds.

72.     JPMorgan Chase Bank owed the Plaintiff a duty of care from their employees' discriminatory practices, from the untrained in dealing other races and cultures, inexperienced with African-American banking customers, and an unfit employee who lacks cultural sensitivity who JPMorgan Chase Bank foresaw the Plaintiff could be harmed by an unfit employee. At that point, JPMorgan Chase Bank breached its duty of care and failed to use reasonable care under the circumstances presented. Because of the breach, the Plaintiff has suffered greatly by the injury. JPMorgan Chase Bank knew that Mr. Fry was not fit as an assistant branch manager, who lacks cultural sensitivity, but retained her in that position.

## SIXTH CAUSE OF ACTION FOR
## COUNT VI – NEGLIGENT SUPERVISION

73.     Plaintiff hereby restates and incorporates the allegations contained in paragraphs 1-72 as if fully stated herein.

74.     Jamie L. James (hereinafter "Ms. James") is a current employee and agent for

JPMorgan Chase Bank to the extent that Ms. James is authorized to act for JPMorgan Chase
Bank and is partially entrusted with JPMorgan Chase Bank's business. Even though, JPMorgan
Chase Bank controls, or has a right to control, the time, place, and method of doing work. And
there is a principal and agent relationship between Ms. James and JPMorgan Chase Bank.

75.     In Ms. James's roles branch manager, Ms. James failed to properly train,
supervise, and counsel Ms. Fry who engaged in such conduct and by a failure to effectively train
assistance branch managers in cultural diversity and concerning a special duty of care owed to
the Plaintiff.

76.     Ms. James also lacks cultural sensitivity and is not fit to work with African-
American and People of Color banking customers as evident by that Ms. James has no African-
American or People of Color employees working with and for her as supervisor.

77.     Ms. James, along with the others knew or should have known that Ms. Fry was
unfit and unsuitable for employment as an assistant branch manager and she lacks cultural
diversity training as evident by not knowing how to treat African-American banking customers
in similar ways to Caucasian banking customers.

78.     Ms. James, along with others knew or should have known that the unsuitableness
and unfitness of Ms. Fry for employment as an assistant branch manager due to her lack of skills
in working with banking customers who are racially different than she is could and did create an
unreasonable risk of harm for the Plaintiff and other African-American banking customers.

79.     As a direct and proximate result of Ms. James, along with others' negligent hiring
Ms. Fry, the Plaintiff has suffered mental anguish and severe emotional distress, shame and
humiliation.

80.    Ms. James had a duty to supervise Ms. Fry and not take her side and was acting in

the scope of her employment of JPMorgan Chase Bank.

Respectfully submitted,

**DATED:**    May 9, 2013    By:    _____

Antoinette C. Taylor, Plaintiff in ***Pro Se***
1082 Dotland Circle
Shelbyville, Kentucky 40065
502.437.5375

***Plaintiff demands trial by jury.***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by regular U.S.
Mail on this _____ 10 th _____ day of _____ May _____, 2013, to the
following:

Dustin E. Meek, Esq.
Katherine E. McKune, Esq.
Tachau Meek, PLC
3600 National City Tower
101 South Fifth Street
Louisville, Kentucky 40202
*Counsel for Defendants*
*JPMorgan Chase Bank, National Association*
*d/b/a JPMorgan Chase & Company,*
*Jamie L. James, and*
*Julie M.Fry*